IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**TONYA K. TURLEY,**

    **Plaintiff,**

v.                                                        Civil Action No. 2:12-cv-07191

**CAROLYN COLVIN,**
**ACTING COMMISSIONER OF THE**
**SOCIAL SECURITY ADMINISTRATION,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before this Court is Plaintiff's Motion for Remand for Consideration of New and Material Evidence (ECF No. 11), Plaintiff's Brief in Support of Motion for Remand for Consideration of New and Material Evidence Pursuant to the Sixth Sentence of 42 U.S.C. § 405(g) (ECF No. 12), Brief in Support of Defendant's Decision (ECF No. 13) and Plaintiff's Reply Brief (ECF No. 14).

BACKGROUND

Tonya K. Turley, Claimant, applied for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI under the Social Security Act, 42 U.S.C. §§ 401-433, on or about January 9, 2009 (Tr. at 122-127). The claims were denied initially and upon reconsideration. Claimant filed a written request for hearing on July 17, 2009 (Tr. at 80-81). In her request for a hearing before an Administrative Law Judge (ALJ), Claimant stated that she did not have additional evidence to submit (Tr. at 80). An administrative hearing was conducted on August 17, 2010 (Tr. at 34-55). In the Decision dated September 16, 2010, the

1

ALJ determined that Claimant was not entitled to benefits (Tr. at 19-33). On September 29, 2010, Claimant requested a review by the Appeals Council (Tr. at 18). On May 3, 2012, the Appeals Council received additional evidence from Claimant which it made part of the record (Tr. at 15). Records from Family Health Care for the period November 1, 2011, through January 17, 2012, were admitted as Exhibit 16F. On May 3, 2010, the Appeals Council "found no reason under our rules to review the Administrative Law Judge's decision" (Tr. at 12). The Appeals Council stated that the additional evidence was considered but did not provide a basis for changing the ALJ's decision (Tr. at 12-13).

On October 9, 2012, Claimant submitted a letter addressing substitution of counsel as well as requesting "an extension of time to file civil action" (Tr. at 4-5). By letter dated October 23, 2012, the Appeals Council granted Claimant's request by extending the time to seek judicial review for 30 days from the date Claimant received said letter (Tr. at 1-2). On October 31, 2012, Claimant brought the present action requesting a remand for consideration of new and material evidence.

APPLICABLE LAW

The Court may remand a case to the Commissioner when additional evidence is presented, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Accordingly, the Court may remand the case if the following four prerequisites are met: (1) the evidence must be relevant to the determination of disability at the time the application was first filed and not merely cumulative; (2) the evidence must be material to the extent that the Commissioner's decision might reasonably have been different; (3) there must be good cause for the claimant's failure to submit the evidence when the claim was before

the Commissioner; and (4) the claimant must present to the remanding court at least a general showing of the nature of the new evidence. *Boarders v. Heckler*, 777 F.2d 954 (4th Cir. 1985).[1]

DISCUSSION

In Claimant's Motion for Remand for Consideration of New and Material Evidence, Claimant references her Psychological Evaluation performed by Sara White, Ph.D. of Aspire Occupational Rehabilitation on January 17, 2013, and her complete school records (ECF No. 12). Claimant requests the Court to "remand this matter to the Commissioner for consideration of this new evidence pursuant to the sixth sentence of 42 U.S.C. § 405(g)." Claimant argues that the education records, coupled with Ms. White's Psychological Evaluation, demonstrate that she suffers from mental retardation, a condition that was not presented in Claimant's disability applications or before the ALJ and Appeals Council. Claimant requests this Court remand for consideration of this evidence under sentence 6 of § 405(g).

Claimant's DIB and SSI applications state that she is disabled due to a "disabling condition" with the onset date of July 1, 2007. (*Id.*) On Claimant's DIB application she did not agree to release medical information for her claim (Tr. at 123). Claimant's disabling conditions listed on her Disability Report consisted of thyroid problems, high blood pressure, carpal tunnel, diabetes, two bulging discs in her back and arthritis in her right hip (Tr. at 153). Claimant reported that she stopped working July 1, 2007, because she "could not work any longer due to back pain." (*Id.*) On the Disability Report dated February 22, 2009, Claimant reported that she

---

[1] The court in *Wilkins v. Secretary of Dep't of Health & Human Serv.*, 925 F.2d 769 (4th Cir. 1991), rev'd on other grounds, 953 F.2d 93 (en banc), suggested that the more stringent Borders four-part inquiry superseded by the standard in 42 U.S.C. § 405(g). *Id.* at 774; *see Wilkins v. Secretary of Dep't of Health & Human Serv.*, 953 F.2d 93, 96 n.3 (4th Cir. 1991) (en banc). The standard in § 405(g) allows for remand where "there is new evidence which is material and… there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." However, Boarders has been expressly overruled. Further, the Supreme Court of the United States has not suggested that Borders' construction of § 405(g) is incorrect. *See Sullivan v. Finkelstein*, 496 U.S. 617, 110 S. Ct. 2658, 2664, 110 L. Ed. 2d 563 n.6 (1990); *Hagerman v. Barnhart*, No. 03-2355, 2004 WL 887323 at *1 (4th Cir. Apr. 22, 2003).

did not have difficulty in reading, understanding, coherency, talking, answering and writing (Tr. at 150). On Claimant's Work History Report dated February 22, 2009, Claimant described her previous job cleaning rooms and making beds as a motel housekeeper that included the job duty of writing complete reports (Tr. at 161). Claimant's Work History Report reported that Claimant had previous experience as a cook and cashier at a restaurant. Claimant described her previous job as a restaurant cook/cashier to include job duties of writing complete reports and performing lead worker duties in supervising 1-2 people (Tr. at 161, 162). Claimant reported previous work experience at the front desk of a motel to involve using technical knowledge and skills and writing complete reports (Tr. at 164). Claimant's Work History report included Claimant's experience as a caregiver for elderly people which included the job function of writing complete reports (Tr. at 166).

Claimant bears the burden of demonstrating that a remand is appropriate given any new and material evidence." *Meadows v. Astrue*, 2010 WL 1380117, at *3 (S.D. W.Va. March 31, 2010). Sentence six remands may be ordered in only two situations: (1) where the Commissioner requests a remand before answering the complaint, or (2) where new, material evidence is adduced that was for good cause not presented before the agency. *See* Sentence 6 of 42 U.S.C. § 405(g); *Shalala v. Schaefer*, 509 U.S. 292 (1993).

Claimant must meet the requirements for a sentence 6 remand pursuant to 42 U.S.C. § 405(g). First, the evidence must be "relevant to the determination of disability at the time the application was first filed and not merely cumulative." *Borders*, 777 F.2d at 955. In this case, the relevant time period is from Claimant's alleged disability onset date, July 1, 2007, to the ALJ's decision date, September 16, 2010. Claimant asserts that the new evidence demonstrates that she has suffered from mental retardation, which is considered "a lifelong condition."

4

*Branham v. Heckiler*, 775 F.2d. 1271, 1274 (4th Cir. 1985). The new evidence is not cumulative or duplicative because it relates to a condition that was not presented before the ALJ.

Second, the evidence "must be material to the extent that the Secretary's decision 'might reasonably have been different' had the new evidence been before her." *Borders*, 777 F.2d at 955. Claimant asserts that her school records[2], which were not admitted into evidence by the ALJ or Appeals Council, demonstrate that she suffered from mental retardation as defined by listing 20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.05C. Claimant asserts that her school records at the age of 15, indicate that she had a verbal IQ of 69, a performance IQ of 82 and a full scale IQ of 74. Claimant avers that the school records confirm that she attended special education classes in school before she dropped out of school in the tenth grade (ECF No. 12). Claimant testified that she unsuccessfully attempted to pass the GED about four times (Tr. at 40).

Listing 12.05C for mental retardation, requires a valid verbal, performance or full scale IQ of 60 through 70. Claimant's IQ scores stated above are from 1987, when Claimant was 15 years old. Claimant did not explain why her school records were not introduced before the ALJ or the Appeals Council as the school records were in existence at all times Claimant filed applications for disability. Claimant did not argue mental retardation before the ALJ or the Appeals Council. Claimant did not present the school records to the ALJ or the Appeals Council. On March 11, 2009, Claimant's treating physician, Jennifer Hadley, D.O., reported on a Disability Determination Service form that she diagnosed Claimant with anxiety, however, Claimant did not have a mental condition which would limit her functions (Tr. at 405). On March 14, 2009, State agency physician James Binder, M.D., opined that Claimant had no severe

---

[2] Claimant's school records were submitted on February 6, 2013, as an attachment to Plaintiff's Motion for Remand for Consideration of New and Material Evidence (ECF No. 11).

mental impairments (Tr. at 406-419). On July 10, 2009, State agency physician Holly Cloonan, Ph.D., reviewed and affirmed Dr. Binder's opinion (Tr. at 437).

The introductory paragraph to Listing 12.05 requires both "subaverage general intellectual function" as well as "deficits in adaptive functioning" that manifested at an early age. Claimant testified that she performed daily activities such as taking care of her children, performing light housework daily, socializing on the phone and in person, shopping, preparing meals and handling her personal care (Tr. at 169-172). Claimant testified that she did possess a driver's license which she obtained by passing the written test but it was currently suspended for unpaid tickets (Tr. at 41). Additionally, Claimant's work history as detailed above demonstrates Claimant has the intellectual functioning to write reports and supervisor employees.

Third, Claimant must demonstrate good cause for her failure to submit the evidence when the claim was before the Commissioner. *Borders*, 777 F.2d at 955. Claimant asserts that the psychological report was not created until January 17, 2013, more than two years after the ALJ ruled on the claim, therefore, her good cause was due to its lack of existence (ECF No. 12). Claimant's Brief in Support of Motion for Remand for Consideration of New and Material Evidence admits "the school records were in existence at the time [Claimant] appeared before the ALJ." Claimant argues the school records were presented as an attachment to her Motion because they reinforced Dr. White's opinion that Claimant's IQ scores from 1987 were valid. Additionally, Dr. White's opinion post dates the ALJ's decision and, as a result, the evidence is neither relevant to the determination of disability at the time the application was first filed nor material. Claimant's arguments fail to demonstrate good cause for failing to submit the school records in existence before the ALJ or the Appeals Council and for obtaining an Adult Mental

Profile Examination on January 23, 2013, after the ALJ and Appeals Council had rendered decisions and Claimant had filed a civil action with the Court.

Finally, Claimant must present at least a general showing of the nature of the new evidence. In Claimant's Motion for Remand for Consideration of New and Material Evidence filed on February 6, 2013, she simply addresses the "new" requirement under *Borders* in the two following sentences: "Plaintiff has satisfied the fourth factor under *Borders v. Heckler*. A copy of the school records and the psychological report are attached" (ECF No. 12). The Commissioner asserts in the Brief in Support of Defendant's Decision filed on March 1, 2013, that "the evidence is not new because the underlying school records were in existence 32 years before the ALJ's decision. Therefore, a psychological evaluation, relying upon those documents, could have been conducted at any time prior to the ALJ decision" (ECF No. 13). Claimant failed to demonstrate that educational records in existence at the time of the ALJ hearing in August 2010, and Dr. White's reliance on the records to perform a mental evaluation in January 2013, after the Appeals Council had adopted the ALJ's decision as the final decision of the Commissioner, were "new." Simply because Claimant did not present them until attaching the documents to her Motion for Remand does not make the evidence new pursuant to *Borders* (ECF No. 11).

CONCLUSION

Claimant has failed to make the appropriate "showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Accordingly, the Court respectfully **RECOMMENDS** that the presiding District Judge **DENY** Plaintiff's Motion for Remand for Consideration of New and Material Evidence (ECF No. 11).

The parties are notified that this Proposed Findings and Recommendations is hereby FILED, and a copy will be submitted to the Honorable Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

Date: November 22, 2013.

_____
Dwane L. Tinsley
United States Magistrate Judge