IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TONYA K. TURLEY,

          Plaintiff,

v.                                               CIVIL ACTION NO. 2:12-cv-07191

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Tonya K. Turley's motion to remand this case to the Commissioner of Social Security for consideration of new and material evidence [ECF 11.] For the reasons that follow, the Court **GRANTS** the motion to remand.

*I. BACKGROUND*

On October 31, 2012, Plaintiff Tonya K. Turley filed a Complaint (ECF 2) seeking review of the decision of Defendant, Carolyn Colvin, the Commissioner of Social Security.[1] By Standing Order entered September 2, 2010, and filed in this case on November 2, 2012, this action was initially referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation ("PF&R"). Following Magistrate Judge Stanley's retirement, the case was referred to United States Magistrate Judge Tinsley. Magistrate Judge Tinsley filed his PF&R (ECF 16) on November 22, 2013, recommending that this Court affirm the

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013, replacing the former Social Security Commissioner, Michael J. Astrue, the original Defendant in this case. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Ms. Colvin is automatically substituted as the Defendant.

final decision of the Commissioner and dismiss this matter from the Court's docket. Objections to the PF&R were due on December 9, 2013; Plaintiff filed an objection on December 9, 2013. (Docket 17.) In her objection, Plaintiff asserts that the PF&R contains several errors, and she reiterates the substance of the arguments she made in support of her motion to remand. The United States did not file any briefing in response to Plaintiff's objection.

## II. APPLICABLE LAW

The Court may remand a case to the Commissioner when additional evidence is presented, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Accordingly, the Court may remand the case if the following four prerequisites are met: (1) the evidence must be relevant to the determination of disability at the time the application was first filed and not merely cumulative; (2) the evidence must be material to the extent that the Commissioner's decision might reasonably have been different; (3) there must be good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant must present to the remanding court at least a general showing of the nature of the new evidence. *Borders v. Heckler*, 777 F.2d 954 (4th Cir. 1985), *superseded by statute*, 42 U.S.C. § 405(g), as recognized in *Wilkins v. Sec'y, Dept. of Health & Human Servs.*, 925 F.2d 769 (4th Cir. 1991), *vacated on rehearing*, 935 F.2d 93 (4th Cir. 1991) (en banc), *superseded by statute on other grounds*, 20 C.F.R. § 404.1527.[2]

---

[2] Though the *Wilkins* court indicated in a parenthetical that *Borders*' four-part test had been superseded by 42 U.S.C. § 405(g), the Fourth Circuit has continued to cite *Borders* as authority when presented with a claim for remand based on new evidence. *See Hagerman v. Barnhart*, No. 03-2355, 2004 WL 887323, at *1 (4th Cir. Apr. 27, 2004); *Miller v. Barnhart*, No. 02-2394, 2003 WL 1908920, at *4 (4th Cir. Apr. 22, 2003). This has been the standard approach in this district. *See, e.g.*, *Brock v. Sec'y of Health & Human Servs.*, 807 F. Supp. 1248, 1250 n.3 (S.D. W. Va. 1992*); see also Bolin v. Astrue*, No. 2:09-cv-00117, 2010 WL 1176560, at *18 (S.D. W. Va. Mar. 23, 2010).

### III.     DISCUSSION

In her objection to the PF&R, Plaintiff requests that this case be remanded to the Commissioner for consideration of two items:   (1) a psychological evaluation of Plaintiff that was performed on January 17, 2013, by Sara White, Ph.D., a licensed psychologist (ECF 11–1); and (2) Plaintiff's elementary and high school records (ECF 11–2.)   Plaintiff contends these records constitute new, relevant, and material evidence that the Commissioner should consider.  She states that she has good cause for not presenting Dr. White's report to the ALJ.  The Court will analyze each of these claims through the lens of the *Borders*' test.

*A.     Relevancy*

Plaintiff must show the evidence is "relevant to the determination of disability at the time the application was first filed and not merely cumulative." *Borders*, 777 F.2d at 955 (citing *Mitchell v. Schweiker*, 699 F.2d 185, 188 (4th Cir. 1983)).   Here, the relevant time period is from Plaintiff's alleged disability onset date, July 1, 2007, to the date of the ALJ's decision, September 16, 2010.

In the January 23, 2013, psychological evaluation, Dr. White determined that Plaintiff had a full-scale IQ score of 74, which placed Plaintiff in the "Borderline" range of intellectual functioning.  (ECF 11–1 at 4.)   Dr. White further determined that Plaintiff had a composite verbal comprehension score of 66, which is characterized by Dr. White as "Extremely Low."   (*Id.* at 5.)   Plaintiff's elementary and high school records evidence similar IQ testing results.

Plaintiff argues that Dr. White's evaluation could serve to establish that Plaintiff has an intellectual disability under the Social Security listing of impairments, specifically, 20 C.F.R. Part 404, Sub-Part P, Appendix 1, Section 12.05(C).  This section states, "[i]ntellectual disability

3

refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." Under Section 12.05(C), the required level of severity for this disorder is met when "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function" is present.

Review of the ALJ's decision record makes plain that Dr. White's January 2013 psychological evaluation and Plaintiff's elementary and high school educational records are relevant to the determination of disability at the time the application was first filed because they tend to support a finding that Plaintiff *may* have a qualifying intellectual disability under the Social Security regulations. The school records are of additional import because under Section 12.05(C) evidence of intellectual disability must have an onset before age twenty-two. Not only does this evidence show that Plaintiff's intellectual deficit began before the age of twenty-two, it appears to be a life-long condition. Further, the bases for Plaintiff's pursuit of disability benefits did not include allegations related to borderline intellectual disability; rather, Plaintiff's asserted impairment was primarily physical, namely, degenerative disk disease and collateral ailments. As such, Dr. White's evaluation and the school records are not cumulative because they relate to a condition not presented to the ALJ. In sum, Plaintiff has shown that her evidence is relevant to the determination of disability at the time the application was first filed and not merely cumulative.

  *B. Materiality*

In addition to relevance, Plaintiff must show that the evidence is "material to the extent that the Secretary's decision 'might reasonably have been different' had the new evidence been before

4

her." *Borders*, 777 F.2d at 955 (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Sims v. Harris*, 631 F.2d 26, 28 (4th Cir. 1980)). Plaintiff must establish that the new evidence, when considered in conjunction with all evidence, would lead to the conclusion that she is disabled as defined by the Act. *See McAbee v. Halter*, No. 00-2198, 2010 WL 1251452, at *3 (4th Cir. Oct. 19, 2001) (citing 42 U.S.C. § 423(d)(5)(A)).

As just noted, the required level of severity for intellectual disability under the Section 12.05(C) of the regulations is met when two elements are present: (1) a valid verbal, performance, or full scale IQ of 60 through 70; and (2) a physical or other mental impairment imposing an additional and significant work-related limitation of function. There is at least a reasonable possibility that Plaintiff might meet both prongs of the test. As for the first element, Plaintiff has produced evidence that she had a verbal IQ score of 69 when she was fifteen years old and a verbal IQ of 66 based on her 2013 evaluation by Dr. White. As for the second element, the ALJ determined that Plaintiff had "severe impairments." Under the regulations a "severe impairment" is defined as one that significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § 416.920(c). The ALJ found that Plaintiff has "severe impairments" that significantly limit Plaintiff's ability to perform basic work activities, namely, degenerative disk disease of the lumbar spine resulting in radiculopathy, obesity, carpal tunnel syndrome, and anxiety. (ECF 9–2 at 25–26.)

Although the ALJ also determined that Plaintiff's severe impairments did not meet one of the listed impairments in the regulations, he made this determination without considering the evidence of Plaintiff's IQ scores. To be sure, it is not the province of this Court to make the determination whether Plaintiff has or does not have one or more of the impairments listed in the

5

regulations; that is an agency determination. Rather, this Court is tasked with making the determination whether the agency's decision 'might reasonably have been different' had the new evidence been presented. On this record, the Court finds that the Secretary's decision might reasonably have been different had Plaintiff's low IQ scores been presented to the ALJ. For these reasons, the Court finds that Plaintiff's evidence is material.

### *C. Good Cause*

In addition to relevance and materiality, Plaintiff must demonstrate good cause for her failure to present Dr. White's evaluation and her school records to the Commissioner. With respect to the psychological evaluation, Plaintiff argues that the evidence could not have been presented to the agency because it was conducted on January 23, 2013—almost three years after the August 17, 2010, hearing before the ALJ occurred. With respect to the school records, Plaintiff concedes that these records were in existence at the time of the agency proceedings. She, however, states that the primary relevance of the school records is that the records were relied upon by Dr. White in forming her evaluation and corroborate her findings. Thus, Plaintiff essentially contends that the school records are integral to and corroborative of Dr. White's determinations.

The Court finds that Plaintiff has shown good cause for not presenting Dr. White's evaluation and Plaintiff's school records to the Commissioner for several reasons. To state what is obvious, Dr. White's evaluation was only recently performed and, thus, the evidence did not exist at the time of the hearing before the ALJ or the subsequent appeal of the ALJ's decision. In making this finding that Court notes that Plaintiff could have had a psychological evaluation performed in the course of the agency proceedings, but did not. The Court observes, however, that the attorney who represented Plaintiff before the agency had her law license administratively

6

suspended in June 2012. The suspension order indicates the state bar disciplinary authorities initiated action against the attorney in April 2012. The suspension order also indicates that the lawyer underwent a medical and/or psychiatric evaluation to determine whether the lawyer was disabled from the practice of law. The exact nature of the disability was not specified in the order. The record shows that this attorney was appointed to represent Plaintiff in June 2009 (ECF 9–4 at 14) and remained the attorney of record for Plaintiff in May 2012, when the Appeals Council summarily denied Plaintiff's appeal of the ALJ's Decision (ECF 9–2 at 15). Whether this lawyer's ability to practice law was in fact impaired at any time during the agency proceedings is unknown. It is incontrovertible, however, that prior to issuance of the Appeals Council's adverse decision, Plaintiff's counsel was under investigation by state bar authorities for conduct that implicated her ability to practice law. These uncommon facts excuse Plaintiff's failure to obtain a psychological evaluation at the agency level.

The Court also notes that the Commissioner did not file any response to Plaintiff's objection to the PF&R. In the Commissioner's briefing prior to issuance of the PF&R, the Commissioner did not challenge Plaintiff's representation that the 2013 psychological evaluation was conducted *at the Commissioner's request* in connection with Plaintiff's application for supplemental security income benefits. Thus, this assertion is unrebutted. If the Commissioner believed a current a psychological evaluation would be beneficial in making the determination whether Plaintiff qualified for SSI benefits, why such a request was not raised in connection with the disability determination is confounding. Plaintiff testified at the hearing before the ALJ that she took the GED exam four times, but failed the test on each attempt; had a "fifth or sixth level" of schooling; could read "a little"; was in special educational classes throughout her schooling; and

only made it through the ninth grade.. (ECF 9–2 at 41.) Thus, the ALJ was on notice that Plaintiff had significant educational, if not intellectual, deficits, and did not explore this area sua sponte. It is well-settled that an ALJ "has a duty to explore all relevant facts and to inquire into the issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the Claimant when that evidence is inadequate." *Walker v. Harris*, 642 F.2d 712, 714 (4th Cir. 1981). When failure to inquire into the additional evidence is prejudicial to the Claimant then the case should be remanded. *Marsh v. Harris*, 632, F.2d 296, 300 (4th Cir. 1980). Based on the fact that the Commissioner directed that the 2013 psychological evaluation be conducted in connection with Plaintiff's application for SSI benefits, the fact that there is a possibility that Plaintiff's attorney was impaired at some point during the agency proceedings, and the possibility that the ALJ erred by not sua sponte inquiring into Plaintiff's intellectual capacity, the Court finds that Plaintiff has demonstrated good cause for her failure to present her new evidence during the agency proceedings.[3]

D. *General Showing*

Finally, under the *Borders* test Plaintiff make at least a "general showing" of the new evidence. *Borders*, 777 F.2d at 955. Plaintiff has fully satisfied this prong by providing the new evidence to the Court.

IV. CONCLUSION

For the foregoing reasons, the Court **DECLINES** to adopt the PF&R, **REVERSES** the decision of the Commissioner, **REMANDS** this case for further proceedings pursuant to the fourth

---

[3] To be sure, this is not to say that in all cases an ALJ must direct that a psychological evaluation be undertaken of a claimant who has a limited educational background.

sentence of 42 U.S.C. § 405(g), **ORDERS** the Commissioner to consider Plaintiff's new evidence, and **DIRECTS** the Clerk to remove this case from the Court's Docket.

    **IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

    ENTER:    February 18, 2014

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE