IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TONYA K. TURLEY,

        Plaintiff,

v.                                         CIVIL ACTION NO.   2:12-cv-07191

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is the parties' joint motion [ECF 19] pursuant to Federal Rule of Civil Procedure 60(b)(1) requesting that the Court vacate its February 18, 2014, Memorandum Opinion and Order remanding this case to the Acting Commissioner of Social Security ("Commissioner").  The parties represent in their joint motion that the Court's February 18, 2014, Opinion mistakenly remanded this case pursuant to the fourth sentence as opposed to the sixth sentence of 42 U.S.C. § 405(g).

Rule 60(b) provides that on motion and just terms, the court may relieve a party from a final judgment, order, or proceeding for, among other things, mistake or "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1) & (6) .  Under Rule 60(c), a motion under Rule 60(b)(1) must be made within a reasonable time and not more than one year after entry of the judgment; a motion under Rule 60(b)(6) is not subject to the one-year limitation and need only be made within a reasonable time.  To prevail on a motion for reconsideration, a party "must make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional

circumstances." *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984) (footnote omitted). After making that showing, the party must still "proceed to satisfy one or more of the rule's six grounds for relief from judgment." *Id.*

In the Court's February 18, 2014, Memorandum Opinion and Order, the Court found that Petitioner had made the requisite showing in support of her claim for remand to the Commissioner based on new evidence. Title 42, United States Code, Section 405(g) governs judicial review of final decisions of the Commissioner. The fourth sentence of Section 405(g) provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The sixth sentence of Section 405(g) authorizes a court to remand a case to the Commissioner and order that additional evidence be taken "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. . . ." Thus, the sixth sentence of Section 405(g) specifically authorizes remands—in cases such as this one—that are based on a showing of new and material evidence that was not presented to the Commissioner.

In its February 18, 2014, Opinion, the Court reversed the decision of the Commissioner, remanded the case to the Commissioner "pursuant to the fourth sentence of 42 U.S.C. § 405(g)," and ordered the Commissioner to consider Plaintiff's new evidence. The Court's designation of the fourth sentence of Section 405(g) rather than the sixth sentence was erroneous and constitutes a "mistake" within the meaning of Rule 60(b)(1) of the Federal Rules of Civil Procedure. Because the parties' joint Rule 60(b) motion was filed less than two months after entry of the Court's Opinion, the Court finds that the motion was made within a reasonable time. The parties have

raised a meritorious issue. Based on the parties' joint agreement on the issue, there is no prejudice to either party and the mistake in the Court's Order constitutes exceptional circumstances justifying the relief requested.

Accordingly, the Court **DIRECTS** the Clerk to re-open this case, **VACATES** the Court's February 18, 2014, Memorandum Opinion and Order, and **GRANTS** the parties joint Rule 60(b) motion [ECF 19]. A corrected Memorandum Opinion and Order remanding this case to the Commissioner pursuant to the sixth sentence of Section 405(g) shall be entered this day.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 27, 2014

_____

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE